Scileppi, J. (dissenting).
In this article 78 proceeding, it is alleged that the Board of Education of the City of New York altered the boundary lines of Public School (P. S.) No. 6 so as to constrict the area of the district. As a result of the change, pupils who previously had resided within the district have been “ zoned-out ” and placed in other school districts. The petition specifically states that the sole purpose of the rezoning was to *406 create vacancies in P. g. 6 so that pupils from outside the district, specifically those from schools located in the East Harlem District north of 96th gtreet, might be assigned to P. g. 6. It is also alleged that those pupils who were transferred out of P. S. 6 are almost exclusively white, while those who will be brought in are almost exclusively Negro or Puerto Rican. The distance which petitioners’ children must travel to their newly assigned schools is comparable to that which had to be traversed if they were to have remained in the P. g. 6 district. The petitioners urge that the zoning plan be annulled, and that the respondents be enjoined from rezoning the district or directing the involuntary transfers of pupils from P. g. 6 to other schools solely because of the race, creed, color or national origin of such pupils. The answer denies most of the allegations of the petition, admits the act of rezoning, admits the transfers, and admits that the vacancies occasioned by the rezoning were to be filled with pupils from the East Harlem schools. In sum, the distillation of petitioners’ argument is that their children and the children of those similarly situated are being refused admission to P. g. 6 solely because of race or color, i.e., because they are white. Respondents’ argument is that the area was rezoned in order to combat overutilization of P. g. 6 and that in so doing a better ethnic distribution was achieved. This is a direct contradiction of the statement in the petition that, in fact, there was no overutilization of P. S. 6.
In cases involving the dismissal of a petition after an answer has been filed and after affidavits have been considered, the court’s function is to determine whether the issues raised by the papers, if resolved in favor of the petitioners, would entitle them to relief, (See Matter of O’Brien v. Commissioner of Educ., 3 A D 2d 321, 325, app. dsmd. 4 N Y 2d 140, cert. den. sub nom. Murphy v. Commissioner of Educ., 361 U. S. 117.) Thus we are faced squarely with the question whether the Board of Education may rezone a school district for the sole purpose of removing white children from the-attendance area, and replacing them with pupils of other racial origins. If, at a hearing, this issue is resolved in favor of the petitioners, they should be entitled to relief.
At the outset I note that decisions of this court in this general area are clearly distinguishable. As I stated in my dissent in *407 Matter of Vetere v. Allen (15 N Y 2d 259, 271, 274, decided by this court March 18, 1965), I do not consider Matter of Balaban v. Rubin (14 N Y 2d 193) authority in cases of this nature because (1) that case concerned the selection of a site for a neiv school; (2) race was not the sole factor which actuated the choice of location, and (3) there were neither transfers nor “ oppressive results ” involved. In Vetere the court necessarily held by implication that section 3201 of the Education Law was not violated when schools were paired under the “ Princeton Plan.”[1]
If, in the case before us, the respondents did not rezone the attendance area of P. S. 6 but merely selected certain pupils, using their race or color as the sole criterion, and transferred them to another school an equal distance from their homes, I believe that such children would have been illegally refused admission to or excluded from the public school because of their race or color. This type of action would constitute a violation of section 3201 of the Education Law.[2] I do not think that such an act can be rendered legal by the mere rezoning of a school district when said rezoning is motivated by the desire to exclude certain pupils because of their race or color, Negro or Caucasian, colored or white. Surely our law is not composed of concepts so impotent as to permit such an evasion of the thrust of section 3201. This section repeals a law which authorized separate schools for children of African descent (L. 1900, ch. 492), and was obviously intended to eliminate official sanction of segregated schools. In my opinion, the protection of section 3201 extends to shield all of our citizens from racial discrimination, a deplorable act when practiced by private individuals, an invidious act when practiced or sanctioned by government. In Balaban v. Rubin (14 N Y 2d 193, 199), we said:
‘ * The simple fact as to the plan adopted and here under attack is that it excludes no one from any school and has no tendency to foster or produce racial segregation.
“ Therefore, we hold section 3201 of the Education Law is in no way violated by this plan ” (emphasis supplied).
*408 This language certainly implies that section 3201 would be violated if, in fact, a pupil were excluded from a school merely for racial reasons.
In the case before us, we are called upon to judge the legality, not the wisdom or prudence of the action taken by the respondents. Although no one disputes the laudable and desirable goals of integrated education, a violation of law, even when done to effectuate a commendable goal, should not be overlooked. In striving for the desired color-blind society, we should avoid creating an increasingly color-conscious one. I would hold: the motion to dismiss the petition should be denied and the petitioner should have the opportunity to prove that the zone change was motivated by racial considerations with the effect of excluding petitioner’s children from P. 8. 6 on account of their race or color.
I would reverse the order of the Appellate Division and grant the petitioners their day in court.
Judges Dye, Fold, Burke and Bergan concur with Chief Judge Desmond, Judge Van Voorhis concurring to affirm as constrained by Matter of Balaban v. Rubin (14 N Y 2d 193, cert. den. 379 U. S. 881) and Matter of Vetere v. Allen (21 A D 2d 561, affd. 15 N Y 2d 259); Judge Scileppi dissents in a separate opinion.
Order affirmed.

. Under the view which I took of Vetere, I did not reach this question.

. “No person shall be refused admission into or be excluded from any public school in the state of New York on account of race, creed, color or national origin.”